# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| STEVEN C. CRABB, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-4106-SEM-EIL |
| | ) |
| GREG DONATHAN, et al., | ) |
|     Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Steven C. Crabb is a civil detainee in the custody of the Illinois Department of Human Services ("IDHS") at Rushville Treatment and Detention Center ("Rushville"). Plaintiff has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 and has requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are not prisoners as defined in 28 U.S.C. § 1915(h).

### I. SCREENING STANDARD

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster*

*v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal cause of action.

In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. FACTS ALLEGED

Plaintiff's Complaint lists Rushville Director Greg Donathan and Wexford Health Sources, Inc. ("Wexford") as Defendants in this suit.

Plaintiff alleges that he has a family history of diabetes and that his blood tests were abnormal, rising to diabetic levels, on

June 13 and 14, 2024. He alleges that Wexford's healthcare staff did not prescribe any medication for diabetes at that time.

Further, Plainitff's lower legs, ankles, and feet suffered from edema swelling that caused severe pain for at least a week. Plaintiff alleges that he filed an emergency grievance complaining about healthcare and asking to be referred to an outside hospital/specialist. Plaintiff did not receive a response from Defendant Donathan within the first 48 hours, as prescribed by rule.

Plaintiff went to sick call on June 17, 2024, due to swelling and severe pain. He was seen by nurse Gwynn Taylor whom he believes initially ignored or overlooked his swelling but who finally told him that they were going to send him to a doctor. Plaintiff complains that, as of the filing of his Complaint, 24 hours had elapsed without him seeing the doctor or receiving medication for the edema swelling.

### III. ANALYSIS

Upon review of the allegations in the Complaint, as currently pled, Plaintiff has failed to state a claim for relief against either Defendant.

Plaintiff's only complaint against Defendant Donathan is that he did not respond to an emergency grievance within 48 hours. But "the alleged mishandling of [a plaintiff's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Further, violation of a departmental rule or state regulation does not give rise to a claim under § 1983. *See Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003); *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010).

Plaintiff complains that Wexford staff did not prescribe him medication or ensure that he was immediately seen by a doctor. However, there is no vicarious liability under § 1983 based solely upon an employer or supervisory relationship. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692 (1978); *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017). Therefore, to proceed on a claim against Wexford, Plaintiff's

Complaint must include sufficient facts to allege "(1) that he…suffered a deprivation of a constitutionally protected interest, and (2) that the deprivation was caused by an official policy, custom or usage" of Wexford. *Powe v. City of Chicago*, 664 F.2d 639, 643 (7th Cir. 1981); *see also Shields v. Illinois Department of Corrections*, 746 F.3d 782, 789-90 (7th Cir. 2014). Plaintiff has not alleged that any policies, customs, or other practices by Wexford caused a constitutional deprivation in this case.

For these reasons, Plaintiff's Complaint must be dismissed for failure to state a claim against Defendants Donathan and Wexford.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Complaint [1] is dismissed for failure to state a claim.**

**2) Plaintiff is granted leave to file an amended complaint, within 21 days. If Plaintiff does not file an amended complaint by that date, or if the amended complaint still fails to state a claim, then Plaintiff's request to proceed *in forma pauperis* will be denied, and this case will be dismissed with prejudice.**

ENTERED __April 30, 2025_

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE